IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN, # 31786-044,      )
                                   )
                   Plaintiff,      )
                                   )
vs.                                )          Case No. 13-cv-01232-JPG
                                   )
L. POLLMAN and DR. D. KRUSE,       )
                                   )
                   Defendants.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Greenville ("Greenville"), brings this action *pro se* for alleged violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)[1] (Doc. 1). Plaintiff claims that in 2013 Defendants Pollman (Greenville's medical director) and Kruse (Greenville's clinical director) denied her request for an annual mammogram and breast examination by an obstetrician and/or gynecologist ("Ob/Gyn"). She now sues Defendants for violations of her right to receive adequate medical care under the Eighth Amendment and her right to due process of law under the Fifth and Fourteenth Amendments. She also asserts negligence claims against them. Plaintiff seeks monetary damages and injunctive relief (Doc. 1, p. 6; Doc. 9).

Plaintiff filed this action on November 26, 2013, without paying a filing fee or filing a motion for leave to proceed *in forma pauperis* ("IFP"). On the same date, the Clerk advised Plaintiff to pay the fee or file an IFP motion within thirty days (Doc. 2). On December 26, 2013,

---

[1] A *Bivens* action is the federal equivalent of a § 1983 civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases). Therefore, the Court frequently refers to § 1983 case law in its analysis.

Plaintiff filed a motion requesting an extension of this deadline (Doc. 6).  She has since paid the full filing fee of $400.00 (Doc. 7).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.   Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss some of Plaintiff's claims, as discussed in more detail below.

**The Complaint**

According to the complaint, Plaintiff has received annual mammograms since she arrived at Greenville in 2006 (Doc. 1, p. 5).  Each one has revealed "an issue" that necessitated further testing, such as a follow-up diagnostic mammogram or biopsy.  Following one such biopsy in 2010, Plaintiff's medical provider specifically ordered annual mammograms and breast examinations.   In 2013, however, Defendant Kruse refused Plaintiff's request for a breast examination and mammogram by a qualified Ob/Gyn due to a change in "the guidelines" (Doc. 1, p. 2).  Other similarly situated inmates, who were the same age as Plaintiff with fewer risk factors, were offered annual mammograms (Doc. 1, p. 5).

Plaintiff now sues Defendants Kruse and Pollman for negligence, as well as violations of her rights under the Eighth, Fifth, and Fourteenth Amendments.   Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

For purposes of this discussion, the Court finds it convenient to divide the complaint into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Eighth Amendment claim against Defendants for denying Plaintiff's requests for a mammogram and breast examination in 2013;

**Count 2:**  Due process claim against Defendants for unconstitutional administrative action;

**Count 3:**  Fourteenth Amendment equal protection claim against Defendants for denying Plaintiff's request for breast cancer screening while offering the screening to other similarly situated inmates;

**Count 4:**  State law negligence claim against Defendants for falling below the applicable standard of care in administering Plaintiff's medical care.

**Count 1 – Deliberate Indifference to Serious Medical Needs**

At this early stage in litigation, the Court finds that the complaint states a colorable Eighth Amendment claim (**Count 1**) against Defendants Kruse and Pollman for exhibiting deliberate indifference to Plaintiff's medical needs.  Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Court finds that the complaint satisfies the minimum pleading requirements for an Eighth Amendment medical needs claim.  Plaintiff's need for annual mammograms and breast examinations, based on her alleged risk factors and doctor's orders in 2010, appears to be subjectively serious.  Despite the 2010 order, Defendant Kruse denied Plaintiff's requests for breast cancer screening in 2013.  Although the Court takes no position on the ultimate merits of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendant Kruse at this time.

Plaintiff shall also be allowed to proceed with Count 1 against Defendant Pollman.  The allegations with respect to this defendant are vague.  However, they at least suggest that new "guidelines" generated by Defendant Pollman, or during this defendant's tenure as medical director, resulted in the purposeful denial of Plaintiff's request for a mammogram and breast exam (Doc. 1, p. 5; Doc. 1-1, p. 33).  The doctrine of *respondeat superior* is not applicable to *Bivens* actions.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)).  Instead, "there must be individual participation and involvement by the defendant."  *Arnett*, 658 F.3d at 757.  The Seventh Circuit articulated the test for establishing personal responsibility in the context of § 1983 actions in *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995):

> Of course, [the defendant prison official] cannot be personally liable under a theory of *respondeat superior*.  However, an official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.  That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.  In short, some causal connection or affirmative link between the action complained about and the official sued is necessary. . . .

*Id.  See also Arnett*, 658 F.3d at 757.  The Supreme Court more recently indicated that "purpose rather than knowledge is required to impose *Bivens* liability."  *Iqbal*, 556 U.S. at 677. The Seventh Circuit further observed that under *Iqbal*, "knowledge of [a] subordinate's misconduct is not enough for liability.  The supervisor must want the forbidden outcome to occur." *Vance v. Rumsfeld*, 701 F.3d 193 (7th Cir. 2012).  Because the complaint suggests that Defendant Pollman wanted to deny Plaintiff's request for a mammogram, Plaintiff shall be allowed to proceed with this claim against Defendant Pollman.

In summary, Plaintiff shall be allowed to proceed with Count 1 against Defendants Kruse and Pollman.  In addition, because Plaintiff is seeking injunctive relief, the Clerk shall be directed to add Greenville's warden (in his official capacity) as a defendant in this action. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d);[2] *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Count 2 – Due Process Claim

With regard to Plaintiff's due process claim (**Count 2**), the complaint fails to state any claim upon which relief can be granted.  According to the allegations, Defendants engaged in "unconstitutional administrative action" (Doc. 1, p. 5).  The administrative action is not described in any detail.  Even so, Plaintiff maintains that the "unconstitutional administrative action" gave rise to a violation of her due process rights under the Fifth and Fourteenth Amendments.

---

[2]  Federal Rule of Civil Procedure 21 states in pertinent part:  "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 17(d) provides:  "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The instant complaint lacks sufficient details to state any due process claim against Defendants.

Even if the Court assumes that the due process claim arises from Defendants' denial of Plaintiff's grievances requesting breast cancer screening, the claim still fails. A cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Without more, Plaintiff cannot proceed with Count 2 against Defendants. Accordingly, Count 2 shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**Count 3 – Equal Protection**

The complaint sets forth sufficient allegations to state a class-of-one equal protection claim (**Count 3**) against Defendants. As the Seventh Circuit Court of Appeals explained:

> The Equal Protection Clause of the Fourteenth Amendment protects individuals
> from governmental discrimination. The typical equal protection case involves

> discrimination by race, national origin or sex. However, the Clause also prohibits
> the singling out of a person for different treatment for no rational reason. To state
> a class-of-one equal protection claim, an individual must allege that he was
> "intentionally treated differently from others similarly situated and that there is no
> rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528
> U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

*Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013).   According to the complaint,

Plaintiff was denied a mammogram and breast examination for no reason, while other inmates

who were similarly situated received both (Doc. 1, p. 5).   This meets the basic pleading

requirements for a class-of-one equal protection claim.

However, even at this early stage, a "plaintiff must anticipate the burden of eliminating

'any reasonably conceivable state of facts that could provide a rational basis'" for the action

taken. *Walker v. Samuels*, 2013 WL 6225135, *1 (7 Cir. 2013) (quoting *Srail v. Village of Lisle,

Ill.*, 588 F.3d 940, 946 (7th Cir. 2009)).   Likewise, Plaintiff "must provide a sufficiently plausible

basis to overcome the applicable presumption of rationality."   *Id.* (citing *D.B. ex rel. Kurtis B.

v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013); *Flying J Inc. v. City of New Haven*, 549 F.3d 538,

546-47 (7th Cir. 2008)).   Plaintiff has also satisfied this standard.   To address the obvious

explanation (i.e., that "similarly situated" inmates were not screened in 2012 and were, therefore,

eligible for screening in 2013), Plaintiff's complaint and/or exhibits indicate that these inmates

were offered testing annually in 2012 and 2013 (Doc. 1, p. 5).   The complaint also alleges that

the similarly situated inmates were similar in age.   Although the Court takes no position

regarding the outcome of this claim, these allegations satisfy basic pleading requirements for a

class-of-one equal protection claim at this stage.   Accordingly, Plaintiff shall be allowed to

proceed with Count 3 against Defendants.

**Count 4 – Negligence**

Plaintiff also raises a negligence, or "medical malpractice," claim (**Count 4**), based on the same conduct that gave rise to her Eighth Amendment claim.  However, negligence is not actionable under the Eighth Amendment.  *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  Plaintiff has not raised a claim for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and she has not named the United States as a defendant.

However, where a district court has original jurisdiction over a civil action such this, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the

complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3] A separate affidavit and report shall be filed as to each defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2- 22 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits.  Therefore, Count 4 is subject to dismissal.  However, Plaintiff shall be allowed 60 days from the date of this order to file the required affidavits for Defendants Kruse and Pollman.  It is not necessary to file an affidavit for Greenville's warden because this defendant is named as a party based only on Plaintiff's request for injunctive relief.  Should Plaintiff fail to timely file the required affidavits, Count 4 shall be dismissed without prejudice.  *See* FED. R. CIV. P. 41(b).

---

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

**Pending Motions**

1. **Motion For Leave to File Exhibits (Docs. 3, 5)**

Plaintiff filed a motion for leave to file exhibits (Doc. 3) and a motion for leave to file additional exhibits (Doc. 5). Federal Rule of Civil Procedure 8(a)(2) directs that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Plaintiff's request to submit three additional exhibits is reasonable in light of Rule 8.[4] Both motions (Docs. 3, 5) are hereby **GRANTED**.

2. **Motion for Injunctive Relief (Doc. 9)**

On January 22, 2014, Plaintiff filed a "motion for injunctive relief compelling BOP to provide required medical services" (Doc. 9). In the motion, Plaintiff seeks an injunction requiring Greenville officials to immediately order a mammogram and ultrasound (Doc. 9, p. 1). She cites a 2010 medical report, in which annual mammograms and breast examinations are recommended for Plaintiff. She seeks immediate treatment because it is "something that should of (sic) never been denied in the first place" (Doc. 9, p. 1). Plaintiff also alleges that she is transferring to a prison in Texas and "could be leaving any day now."

Plaintiff previously requested a mammogram and breast exam in her complaint, which the Court construed as a request for injunctive relief when it added Greenville's warden as a defendant. The present motion does not indicate whether Plaintiff is now requesting a preliminary injunction and/or a temporary restraining order ("TRO"). The motion does not address the elements of a claim for this type of injunctive relief. It does not even cite Federal

---

[4] Before submitting any further requests, Plaintiff should be mindful that voluminous exhibits are unnecessary at the preliminary review stage of the litigation. *See* FED. R. CIV. P. 26-37.

Rules of Civil Procedure 65(a) or (b).  Even construing the motion as a request for a preliminary injunction and/or TRO, however, the Court finds it appropriate to deny the motion at this time.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.  Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that she would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, she will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court finds that a preliminary injunction and/or TRO should *not* be issued.  With respect to these claims, the motion does not set forth specific facts demonstrating the likelihood of any immediate or irreparable harm, nor do they meet any of the remaining criteria outlined above. *See* FED. R. CIV. P. 65(b)(1)(A).  Although Plaintiff expresses urgency in her request for a mammogram and ultrasound, she does not describe any concerning symptoms that suggest a need for an emergency mammogram or ultrasound.  Exhibits that Plaintiff filed with her complaint indicate that a screening mammogram was completed on July 18, 2012, with negative results (Doc. 1-1, pp. 4, 7).  One of these exhibits indicates that a breast exam completed on October 24, 2012, was normal (Doc. 1-1, p. 4).  Another exhibit indicates that Plaintiff will receive a mammogram and breast exam in 2014, i.e., at any time (Doc. 1-1, p. 14).  In the meantime, the report states that "[m]edical staff will continue to monitor [her] situation" (Doc. 1-

11

1, p. 14).  Plaintiff does not allege that medical staff members have refused to meet with her to discuss any concerns that arise—only that they have delayed her mammogram and breast exam until 2014 based on changing guidelines.  Therefore, the motion and complaint raise no concern that Plaintiff's immediate medical needs are being disregarded to the extent that this drastic form of relief is warranted.  Plaintiff's motion for injunctive relief (Doc. 9) is **DENIED**; however, this dismissal is without prejudice.

**Disposition**

   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Exhibits (Doc. 3) and Motion for Leave to File Additional Exhibits (Doc. 5) is **GRANTED**.  The **CLERK** is **DIRECTED** to file the exhibits submitted with Docs. 3 and 5.

   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 9) is **DISMISSED** without prejudice.

   **IT IS ALSO ORDERED** that Greenville's warden shall be added as a defendant to this action in his official capacity and for the sole purpose of addressing Plaintiff's request for injunctive relief.

   **IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

   **IT IS ALSO ORDERED** that as to **COUNT 4** (Plaintiff's negligence, or medical malpractice, claim) against Defendants **KRUSE** and **POLLMAN**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 60 days of the date of this order (or by March 31, 2014).  Should Plaintiff fail to timely file the required affidavits, **COUNT 4** shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that as to Counts 1 and 3, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **KRUSE, POLLMAN,** and **GREENVILLE'S WARDEN**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **KRUSE, POLLMAN,** and **GREENVILLE'S WARDEN** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate

---

[1]  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants **KRUSE, POLLMAN,** and **GREENVILLE'S WARDEN** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she  is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 28, 2014**

*s/ J. Phil Gilbert*
United States District Judge

14