UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN,

    Plaintiff,

        v.

L. POLLMAN, DR. D. KRUSE and WARDEN
OF GREENVILLE CORRECTIONAL
CENTER,

    Defendant.

Case No. 13-cv-1232-JPG-PMF

### MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 32) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Karen Hartstein's emergency motion for a temporary restraining order and preliminary injunction preventing her transfer from FCI-Greenville to another prison, which she believes will interfere with her medical treatment (Doc. 26).   Magistrate Judge Frazier did not make his recommendation based on the merits of Hartstein's underlying action but on the fact that she had already been transferred from FCI-Greenville to another prison, so the defendants were no longer her custodians and were no longer able to make decisions about her placement or about her medical care.   Hartstein has filed "objections" to the Report (Doc. 38), emphasizing the showing she has made as to the defendants' alleged deliberate indifference to her medical needs, but also acknowledging that her request is now moot because of her transfer.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those

unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Hartstein has captioned her filing in response to the Report as "objections," but it is not really an objection. Hartstein concedes that her request for a temporary restraining order and preliminary injunction is moot in light of her transfer. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (transfer to another institution moots prisoner's request for injunctive relief unless he makes a showing that he will likely be retransferred to that first institution). Accordingly, the Court reviews the Report for clear error and finds none. For this reason, the Court:

- **ADOPTS** the Report (Doc. 32);

- **OVERRULES** Hartstein's "objections" (Doc. 38); and

- **DENIES** Hartstein's motion for a temporary restraining order and preliminary injunction (Doc. 26).

**IT IS SO ORDERED.**
**DATED: June 11, 2014**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**