UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN,

    Plaintiff,

        v.

L. POLLMAN, DR. D. KRUSE and WARDEN
OF GREENVILLE CORRECTIONAL
CENTER,

    Defendant.

Case No. 13-cv-1232-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 56) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Lee Pollman's motion to dismiss Counts 1 and 3 against her for lack of subject matter jurisdiction (Doc. 40) and *sua sponte* dismiss without prejudice plaintiff Karen Hartstein's state law medical malpractice claim in Count 4 for failure to obtain the necessary medical certificate.   Hartstein has responded to the Report (Doc. 57).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    In this case, Hartstein, a Bureau of Prisons ("BOP") inmate, complains that she is not receiving appropriate breast health screening.   She brings two claims against Pollman, the health services administrator, under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1991), alleging

violations of the Eighth Amendment (Count 1) and Equal Protection Clause (Count 3). Magistrate Judge Frazier found in the Report that Pollman was an employee of the United States Public Health Service ("PHS") and is therefore absolutely immune from Hartstein's *Bivens* claims because of 42 U.S.C. § 233(a).  That statute provides that a claim under the Federal Tort Claims Act is the exclusive remedy for injury resulting from the performance of medical functions by an employee of the PHS.  Magistrate Judge Frazier also recommends *sua sponte* dismissal of Hartstein's state law medical malpractice claim because Hartstein, after adequate time, has been unable to obtain the physician's certificate required under Illinois law.  *See* 735 ILCS § 5/2-622.

In her response, Hartstein objects to dismissal of her state law claim for medical malpractice.  She argues she was unable to obtain the certificate because prison medical staff did not release her medical records to her in a timely manner.  She further suggests Pollman was acting outside the scope of her duties as a PHS employee when she made decisions about Hartstein's breast screening exams because those decisions were wrongful.

The Court has reviewed the matter *de novo* and agrees with the Report for the reasons stated therein.  Hartstein was given adequate time to obtain the necessary certificate to bring a state law medical malpractice claim and was unable to do so.  As for her *Bivens* claims at issue in Pollman's motion to dismiss, the assertion that Pollman was not acting within the scope of her employment by the PHS is belied by the alleged conduct Hartstein finds objectionable – failing to order medical screening exams.  This conduct could only have occurred within the scope of Pollman's PHS duties; performing those duties negligently, as Hartstein alleges, does not remove them from the scope of Pollman's official duties.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 56);
- **OVERRULES** Hartstein's response/objections (Doc. 57);

- **GRANTS** Pollman's motion to dismiss Counts 1 and 3 against her;

- **DISMISSES** Counts 1 and 3 against Pollman and Count 4 in its entirety without prejudice; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: March 24, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
