UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN,

    Plaintiff,

        v.

L. POLLMAN, DR. D. KRUSE and WARDEN
OF GREENVILLE CORRECTIONAL
CENTER,

    Defendant.

Case No. 13-cv-1232-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Karen Hartstein's motion to recuse the district judge and magistrate judge assigned to this case (Doc. 68) and her appeal (Doc. 67) of Magistrate Judge Philip M. Frazier's September 28, 2015, order (Doc. 66).

**I.**    **Motion for Recusal**

In this motion, Hartstein asks the undersigned judge and the magistrate judge assigned to this case to recuse themselves pursuant to 28 U.S.C. § 455 on the grounds that the judges have displayed partiality toward the defendants by ruling in their favor and/or against her on several issues in this case. Two provisions of § 455 are implicated by Hartstein's allegations: § 455(a) and (b)(1).[1]

Section 455(a) states, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th

---

[1] Recusal on the grounds of bias is also required under 28 U.S.C. § 144, but that statute requires a supporting affidavit setting forth specific extrajudicial facts, which Hartstein has not filed.

Cir. 1996)). The decision to recuse under this provision turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Under § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under both provisions, the partiality or bias justifying recusal must arise from an extrajudicial source. *O'Regan*, 246 F.3d at 988; *In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015). "[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky*, 510 U.S. at 555).

Hartstein has alleged nothing derived from an extrajudicial source that would demonstrate the undersigned judge is biased or that would cause a reasonable, well-informed observer to perceive a significant risk that the case would be decided on anything other than its merits. For these reasons, the Court will deny Hartstein's motion for recusal of the undersigned judge.

The Court refers the remainder of the motion requesting recusal of Magistrate Judge Frazier to Magistrate Judge Frazier for his consideration in the first instance. "The initial decision whether or not to adjudicate a case rests with the individual judge assigned to it." 12 James Wm. Moore et al., *Moore's Federal Practice* § 63.60[1][a].

## II.     Appeal of Magistrate Judge's Order

In his September 28, 2015, order (Doc. 66), Magistrate Judge Frazier extended Hartstein's

deadline to respond to the defendants' July 17, 2015, summary judgment motion until October 12, 2015. Earlier, she had asked the Court for an extension of three months from the original August 20, 2015, deadline, until she is released from her confinement in prison and place in a half-way house. She stated that she has limited access to the law library and no access to a typewriter, some of her legal materials, and her inmate witnesses. Magistrate Judge Frazier extended her response period to September 30, 2015. Hartstein then requested a longer extension for the same reasons she gave earlier plus the late delivery of the Court's prior order and the fact that September contains Jewish holidays when she cannot work. Again, Magistrate Judge Frazier extended the deadline to October 12, 2015. It is from that order that Hartstein appeals. In her appeal of this order, Hartstein argues the extension was not reasonable.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

The Court has reviewed Magistrate Judge Frazier's order and finds it is not clearly erroneous or contrary to law. Magistrate Judge Frazier allowed Hartstein reasonable extensions when warranted, although not the length of extensions she requested. Additionally, the Court notes that the briefing period for her appeal has effectively allowed her an additional extension of time to the original date she requested – three months from the original August 20, 2015, deadline – and no further extension is warranted.

**III.   Conclusion**

For these reasons, the Court:

- **DENIES in part** Hartstein's motion for recusal to the extent it requests recusal of the

undersigned judge (Doc. 68);

- **REFERS** the motion for recusal of Magistrate Judge Frazier to Magistrate Judge Frazier pursuant to Local Rule 72.1(a)(1) (Doc. 68);

- **AFFIRMS** Magistrate Judge Frazier's September 28, 2015, order (Doc. 66);

- **OVERRULES** Hartstein's appeal (Doc. 67);

- **ORDERS** that Hartstein shall have up to and including November 30, 2015, to respond to the defendants' summary judgment motion; and

- **WARNS** Hartstein that no further extensions will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**
**DATED: November 12, 2015**

                                         *s/J. Phil Gilbert*
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**