IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREN HARTSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1232-JPG-PMF |
| ) | |
| L. POLLMAN, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by defendants D. Kruse and the warden at FCI-Greenville (Doc. No. 59). Plaintiff Karen Hartstein is challenging the conditions of her former confinement at FCI-Greenville, alleging in Count 1 that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment when she was deprived of breast cancer screening in 2013. Hartstein also claims in Count 3 that she was deprived of the equal protection of the law in violation of the Fourteenth Amendment when yearly breast cancer screening services were not provided to her but were provided to a number of similarly situated inmates. The warden at FCI-Greenville is a party for the sole purpose of addressing a request for injunctive relief (Doc. No. 10).[1]

The motion for summary judgment was filed on July 17, 2015. With three extensions allowed, Hartstein's response was due on November 30, 2015 (Doc. No. 70). A partial response was mailed on the due date but was not timely filed with the Clerk. While Hartstein has recently filed numerous documents, she did not seek or receive leave to file a late, piecemeal, or

---

[1] Hartstein suggests that she has filed multiple pleadings asking the Court to dismiss her claim for injunctive relief against the warden. Requests for a court order are made by motion. Fed. R. Civ. P. 7(b). The Clerk has not received a motion to dismiss from Hartstein.

oversized brief. The undersigned has considered the partial response filed by Hartstein, docketed as Doc. No. 72.

Summary judgment will be entered if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

### I.     Count 1 – Detrimental Effect of Delayed Screening

In this Count, Hartstein is proceeding on an Eighth Amendment claim of deliberate indifference to her serious medical needs for a mammogram and breast exam. Hartstein is confined at FPC-Bryan. Her claims arose while she was confined at FPC-Greenville, and relate to a medical decision to delay recommended breast mammography and examination from 2013 to 2014.

Defendant Kruse seeks summary judgment on the basis that Hartstein cannot show with medical evidence that she suffered harm from delayed breast cancer screening. He points to evidence that ultrasound and mammography performed on March 18, 2014, and April 24, 2015, resulted in benign findings (Doc. No. 59-2, pp. 59, 62-63, 65, 68; Doc. No. 59-4, p. 5-6).

In Eighth Amendment medical care cases where prison officials have delayed rather than denied medical assistance to an inmate who is not suffering serious pain, the plaintiff is required to place in the record "verifying medical evidence" to establish that the delay (rather than the underlying condition) was detrimental. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

Hartstein responds that, while confined at FCI Greenville in 2013, she had high risk factors and a history of abnormal mammograms. In 2013, she was deprived of a recommended yearly mammogram and breast exam by a qualified outside OBGYN. She points to medical

records and other documents created 2012 and early 2013  (Doc. No. 59-2, pp. 11-13, 19-21, 24-29) and argues that "it does not matter what the outcome is" because Defendant Kruse acted with malicious or outrageously negligent intent in delaying her access to breast care (Doc. No. 72, p. 11).  This position is not supported by applicable law.  As noted above, the law governing Hartstein's Eighth Amendment claim requires her to present verifying medical evidence that Kruse's decision to delay the provision of breast health care from 2013 to 2014 was detrimental.  The absence of such evidence requires a ruling in favor of defendant Kruse on Count 1.  Defendant Kruse's alternative arguments for judgment in his favor have not been reached.

## II.   Count 3 – Class of One Equal Protection

Defendant Kruse seeks judgment in his favor on Count 3, suggesting that a "class of one" equal protection claim is not cognizable in this type of case or that Hartstein cannot prove the elements of the claim.  Hartstein maintains that Kruse acted with malicious intent when he deprived her of a mammogram and breast exam when she had high risk factors.  She consulted other inmates and was told that Kruse automatically scheduled annual mammograms for 10 other inmates in her age group when they did not have high risk factors.

At this late stage in the litigation, the Court should decline the invitation to reconsider the screening decision and focus on the question of whether Hartstein has supplied evidence to support her class of one equal protection claim.  The class of one doctrine recognizes that the Equal Protection Clause protects individuals against purely arbitrary government classifications, including singling out just one person for disparate treatment for irrational purposes. *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012).  The claim requires proof that Hartstein was intentionally treated differently from others similarly situated and that there is no rational basis for the challenged decision. *Enquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601

(2006). To be similarly situated, the comparator must be identically or directly comparable to Hartstein in all material respects. *LaBella v. Winnetka, Inc. v.. Vill. Of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010).

Kruse points to his declaration, in which he explains that his decision was based on a utilization review committee decision that a consultation for screening mammogram was not clinically indicated for Hartstein in 2013, when she was 49. That decision was based on a 2009 recommendation of the U.S. Preventative Services Task Force, which was incorporated in the Bureau of Prisons' clinical practice guidelines in 2012 (Doc. No. 59-4, pp. 3-4). The clinical practice guidelines do, in fact, change the recommended mammogram screening schedule for women from age 40 with increased risk for breast cancer (Doc. No. 59-3, p. 3). In short, the decision is rationally explained by Kruse's rational decision to follow new practice guidelines for administering screening mammograms. Kruse declined to explain decisions regarding other individuals (for privacy reasons) but offered that more frequent mammography testing would be due to an individualized assessment of factors such as age and risk. Kruse also explained that another organizations might not adopt the new recommendations.

In view of Kruse's declaration, Hartstein cannot meet her burden of demonstrating that his decision has no rational basis. Also, she has not provided enough information to permit a finding that the individuals who told her they received annual breast cancer screening services were similarly situated to her in all material respects. Plaintiff reports that she expects to provide testimony from 10 inmates in the same age category who had no risk factors and were approved for annual mammograms in 2012 and 2013, and that women over 40 at FPC-Bryan routinely receive annual mammograms (Doc. No. 72, pp. 13, 15). Because these assertions are not supported by an affidavit or declaration based on personal knowledge, they are insufficient to

create an issue of fact for trial. Fed. R. Civ. P. 56(c)(1). For these reasons, defendant Kruse is entitled to judgment in his favor on Count 3.

### III. Injunctive Relief

Both parties agree that Hartstein's claim for injunctive relief against the warden at FCI-Greenville is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

### IV. Conclusion

IT IS RECOMMENDED that the motion for summary judgment (Doc. No. 59) be GRANTED. Judgment should be entered against Karen Hartstein and in favor of defendant Douglas Kruse on the *Bivens* claims (Counts 1 and 3). The claim for injunctive relief against the warden of FCI-Greenville should be dismissed as moot. If these recommendations are adopted, no claims will remain for a decision. This case should be closed.

SUBMITTED:  March 3, 2016  .

 s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE