UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN HARTSTEIN,

     Plaintiff,

          v.                        Case No. 13-cv-1232-JPG-PMF

L. POLLMAN, DR. D. KRUSE and WARDEN
OF GREENVILLE CORRECTIONAL
CENTER,

     Defendants.

## MEMORANDUM AND ORDER

     This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 85) of Magistrate Judge Philip M. Frazier recommending that the Court grant the remaining defendants' motion for summary judgment (Doc. 59), order entry of summary judgment in favor of defendant Douglas Kruse on Counts 1 and 3, and dismiss as moot plaintiff Karen Hartstein's claims for injunctive relief against the defendant warden of Greenville Correctional Center ("Greenville").   Hartstein has objected to portions of the Report (Docs. 91 & 92).[1]

## I.    Report Review Standard

     The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those

---

[1] The Court considers the exhibits at Doc. 92 because, although they were received beyond the May 3, 2016, objection deadline, the envelope in which they were sent indicates Hartstein placed the exhibits into the prison mail system before the deadline, so the "mailbox rule" applies. *See Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).   The Court does not consider the exhibits at Doc. 94 because it is clear they were placed into the prison mail system beyond the deadline; one exhibit in the packet was created May 9, 2016, so it could not have been mailed before then.

unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.     The Report

In this case, Hartstein, a Bureau of Prisons ("BOP") inmate, complains that she did not receive appropriate breast health screening in 2013 while she was incarcerated at Greenville; she was refused an annual mammogram.   She received one the following year, and the results were benign.   She brings two claims against Kruse, the clinical director at Greenville, under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1991), alleging violations of the Eighth Amendment (Count 1) and Equal Protection Clause (Count 3).   She also seeks injunctive relief from the Greenville warden.   Hartstein has since been transferred to another prison and is due to be released from prison very soon.

With respect to Count 1, Magistrate Judge Frazier found in the Report that there was no evidence showing Hartstein suffered any detrimental effect from the delay in her mammogram (it was eventually performed in 2014 with benign findings).   With respect to Count 3, Magistrate Judge Frazier found that no reasonable jury could find Kruse's decision to delay Hartstein's mammogram lacked a rational basis.   The evidence shows he based his decision on 2009 practice guidelines from the U.S. Prevention Services Task Force[2] that were incorporated into BOP practice guidelines in 2012.   Those guidelines called for biennial screening for women Hartstein's age, 49, with an increased risk for breast cancer.   Additionally, Magistrate Judge Frazier found Hartstein had not presented any evidence that similarly situated individuals were treated differently.   With respect to Hartstein's claims for injunctive relief from the Greenville warden,

---

[2] "The U.S. Preventive Services Task Force is an independent panel of experts in primary care and prevention who systematically reviews the evidence of effectiveness and develops recommendations for clinical preventive services."   U.S. Preventive Services Task Force, *Recommendations for Primary Care Practice*, http://www.uspreventiveservicestaskforce.org/ Page/Name/recommendations.

Magistrate Judge Frazier recommends dismissal without prejudice because Hartstein is no longer housed at that facility.

## III.   Objections

Hartstein does not object to the recommended disposition of her claims for injunctive relief and, in fact, has moved in a separate motion to dismiss those claims (Doc. 87).   Because this aspect of Magistrate Judge Frazier's recommendation is not clearly erroneous and because Hartstein agrees to dismissal of her claims for injunctive relief, the Court will adopt this portion of the Report and will grant Hartstein's motion to dismiss (Doc. 87).   The Court examines the other portions of the Report *de novo*.

As a preliminary objection, Hartstein complains that the Court did not consider her response placed into the prison mail system on the day it was due to be filed.   She also argues that in 2010 a doctor recommended annual mammograms and breast exams for her, and Kruse failed to abide by that recommendation.   She asserts that the delay in mammogram screening caused her breast pain and mental anguish.   She argues there is sufficient evidence to show Kruse's decision had no rational basis because the guidelines he was following were discretionary, and he abused that discretion by ignoring the earlier doctor's recommendation for annual mammograms and Hartstein's breast cancer risk factors.   She also explains that she has no competent evidence of similarly situated individuals that were treated differently because, as an inmate not in the same institution as the others, she cannot obtain affidavits from them.

## IV.   Analysis

###   A.   Consideration of Response Supplements

As to Hartstein's objection that Magistrate Judge Frazier did not consider the response she placed into the prison mail system on the day it was due, Magistrate Judge Frazier, in fact, did considered that document (Doc. 72).   He declined to consider eleven later documents placed into

the prison mail system after the response due date.   The Court finds no fault with this decision.

Hartstein was allowed more than four months to respond to the summary judgment motion, a

sufficient amount of time to formulate a response even to the defendants' lengthy summary

judgment motion, and was warned that no further extensions would be granted absent

extraordinary circumstances (Doc. 70).   She has described no extraordinary circumstances or

other good reason why she needed more time other than "challenging circumstances" similar to

those faced by all prisoner litigants.   In these circumstances, Magistrate Judge Frazier was correct

in refusing to consider the eleven supplements submitted beyond the deadline.

      B.    <u>Count 1: Deliberate Indifference to Medical Needs</u>

      With respect to Count 1, as Magistrate Judge Frazier pointed out, causation of harm is an

essential element of a deliberate indifference to medical needs claim, and if an official was

deliberately indifferent to a medical need but caused no harm, there can be no liability.   *See*

*Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999) ("[A] plaintiff must demonstrate both

that he has suffered an 'actual' present injury and that there is a causal connection between that

injury and the deprivation of a constitutionally protected right caused by a defendant."); *Langston*

*v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996) (Eighth Amendment claim based on delay in

treatment requires "*verifying medical evidence* in the record to establish the detrimental effect of

delay in medical treatment").

      Hartstein points to breast pain she suffered when she did not get a mammogram in 2013 as

evidence of harm from the delay in the screening.   While it may be true Hartstein suffered breast

pain at that time, no reasonable jury could believe the delay in receiving screening contributed to

her pain by, say, prolonging it.   *See, e.g., Smith v. Knox County Jail,* 666 F.3d 1037, 1040 (7th Cir.

2012) (noting that deliberate indifference to prolonged, unnecessary pain can violate the Eighth

Amendment).   It simply does not make sense that a delay in receiving a diagnostic test that would

4

have yielded a benign result (as it did the following year) contributed to her pain or that receiving the test earlier could have somehow alleviated her pain.   A mammogram is a diagnostic test, not a medical treatment for pain.   When Hartstein eventually got screened a year later, her results were benign, indicating that in 2013 she suffered no treatable problem that an earlier mammogram could have remedied.

Hartstein also argues the mental anguish she suffered from the delay in getting a mammogram is sufficient harm to sustain her Eighth Amendment claim.   However, Hartstein did not present in her summary judgment response any evidence of mental anguish, much less the "verifying medical evidence" of a detrimental effect of the delay in the screening that is required by *Langston*, 100 F.3d at 1240.   Mere allegations of mental anguish suffered as a result of a disagreement with a doctor about the appropriate medical treatment will not save Hartstein's Eighth Amendment claims.

Additionally, the Court finds there is no evidence from which a reasonable jury could find Kruse was deliberately indifferent to Hartstein's medical needs.   An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006).   ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need.").   "Something more than negligence or even malpractice is required."   *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *see Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015).   Deliberate indifference can arise where a treatment decision was "blatantly inappropriate," *Pyles*, 771 F.3d at 409 (internal quotations omitted; treatment that is "so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment"); *see Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006) (treatment is "so far afield of accepted professional standards as

5

to raise the inference that it was not actually based on a medical judgment"); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996) (treatment was a "substantial departure from accepted professional judgment, practice, or standards").

The evidence in the record reveals that in deciding whether to allow Hartstein to have a mammogram in 2013, Kruse considered Hartstein's medical history, age and risk factors as well as the recommendations of the medical experts on the U.S. Prevention Services Task Force before exercising his professional judgment not to order a mammogram for Hartstein in 2013.   Hartstein clearly did not agree with this exercise of judgment, but Kruse's decision was consistent with the Task Force's recommendations, and no evidence suggests the decision was so far afield from accepted professional judgment, practice or standards that a reasonable jury could infer the lack of medical judgment or deliberate indifference.

For these reasons, the Court finds Kruse is entitled to summary judgment on Count 1.

C.     Count 3: Equal Protection

With respect to Count 3, a "class of one" equal protection claim, as Magistrate Judge Frazier pointed out, Hartstein has the burden of proving at trial that she was treated differently from others similarly situated for no rational reason.   *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008).

As explained in the Court's discussion of Count 1, the evidence shows that Kruse's decision not to provide a mammogram for Hartstein in 2013 was based on the U.S. Prevention Services Task Force guidelines that had been adopted by the BOP after her 2012 mammogram. Those guidelines called for a biennial mammogram for women Hartstein's age with risk factors. Kruse considered those guidelines, along with Hartstein's age, medical history, and family medical history before deciding not to order a mammogram for her in 2013, a rational decision based on the relevant considerations.   That another doctor may have disagreed with his decision

does not render it irrational.

Additionally, in order to withstand summary judgment in this claim, Hartstein has to provide evidence she would use to carry her burden at trial, that is, evidence of individuals similar to her in all material respects who were treated differently than she was.   For her, that means pointing to individuals with the same set of factors that go into deciding whether to order a screening mammogram – things like age, medical history, family medical history and other risk factors – so that a jury could find Kruse purposefully applied the standards differently to her.   She refers to 10 other inmates at Greenville who were in the same age group and who told her they had no high risk factors at all and who were given mammograms in 2012 and 2013, and she promises to name those individuals once she obtains their affidavits in support of her case.   Unfortunately for Hartstein, that is not enough.   As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life of a case."   *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008).   Hartstein has failed to "put up" the required evidence, relying instead on hearsay from other inmates or speculation to show that other women were like her and were given mammograms when she was not.   She does not provide any documentary evidence or testimony based on personal knowledge that the other women were, in fact, similarly situated in all material respects to her and were given an annual mammogram when she was not.[3]

For these reasons, the Court finds Kruse is entitled to summary judgment on Count 3.

## V.    Conclusions

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 85);

---

[3] The Court notes that, even though Magistrate Judge Frazier did not consider any of the eleven late supplements to Hartstein's response, even a quick look at those documents reveals that none contains an affidavit made on personal knowledge from a similarly situated individual.

- **OVERRULES** Hartstein's objections (Docs. 91 & 92);

- **GRANTS** Kruse's motion for summary judgment on Counts 1 and 3 (Doc. 59);

- **GRANTS** Hartstein's motion to dismiss her claims for injunctive relief against the Greenville warden (Doc. 87);

- **DISMISSES without prejudice as moot** Hartstein's claims for injunctive relief against the Greenville warden; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 25, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**